%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alex Romero, Jr., A Minor, Alex Romero, Sr. and Milagros Delvalle

## DEFENDANTS
Seaworld Park & Entertainment, LLC and Seaworld Park & Entertainment, LLC t/d/b/a Water Country USA

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Orange**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey R. Lessin & Associates, P.C., Two Penn Center Suite 600, 1500 JFK Blvd., Philadelphia, PA  19102

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1332(a)(1), 1332(c)(1) and 1441

Brief description of cause:
Plaintiff was injured on a water slide.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
| v. | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (✓)

| 1/27/2012 |  | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)599-1400 | (215)220-3988 | J.Lessin@lessinlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4238 Markland Street, Philadelphia, PA 19124

Address of Defendant: Seaworld Park + Entertainment 7007 Seaworld Drive, Orlando Fl 32821

Place of Accident, Incident or Transaction: 176 Water Country Parkway, Williamsburg, VA 23185

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☑

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify) Injury on Waterpark Slide
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 1/27/2012   _____ Attorney-at-Law   43801 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/27/2012   _____ Attorney-at-Law   43801 Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX ROMERO, JR., a minor, by and through his parents and natural guardians, ALEX ROMERO, SR. and MILAGROS DELVALLE, and ALEX ROMERO, SR. and MILAGROS DELVALLE, in their own right<br>4238 Markland Street<br>Philadelphia, PA 1908124<br>   Plaintiffs,<br>   v.<br>SEAWORLD PARK & ENTERTAINMENT, LLC<br>7007 SeaWorld Drive<br>Orlando, FL 32821<br>   and<br>SEAWORLD PARK & ENTERTAINMENT, LLC, t/d/b/a<br>WATER COUNTRY USA<br>176 Water Country Parkway<br>Williamsburg, VA 23185,<br>   Defendants. | : <br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>: NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiffs, **ALEX ROMERO, JR., a minor, by and through his parents and natural guardians, ALEX ROMERO, SR. and MILAGROS DELVALLE, and ALEX ROMERO, SR. and MILAGROS DELVALLE, in their own right,** by and through their undersigned counsel, Jeffrey R. Lessin & Associates, & P.C., file this Complaint and sue Defendants, **SEAWORLD PARK & ENTERTAINMENT, LLC,** and **SEAWORLD PARK & ENTERTAINMENT, LLC, t/d/b/a WATER COUNTRY USA,** and allege:

### INTRODUCTION

1. This is an action at law for damages due to severe personal injuries sustained by citizens of the United States and domiciliaries of the Commonwealth of Pennsylvania, against corporate entities, **SEAWORLD PARK & ENTERTAINMENT, LLC, and SEAWORLD PARK & ENTERTAINMENT, LLC, t/d/b/a WATER COUNTRY USA**

respectively.

2. As discussed in detail below, on Friday, July 2, 2010, Plaintiffs, **ALEX ROMERO, JR., a minor**, and **ALEX ROMERO, SR.** collided on a water slide in Defendants' water park, due to the negligence and carelessness of Defendants, causing serious and permanent injuries to Plaintiffs **ALEX ROMERO, JR., a minor**.

3. By this complaint, Plaintiffs seek judicial redress for said serious and permanent injuries.

4. Plaintiffs bring this claim in this Court based upon diversity of citizenship between the litigants.

## JURISDICTION AND VENUE

5. Plaintiffs are citizens of the United States and domiciliaries of the Commonwealth of Pennsylvania.

6. Defendants are, based upon knowledge, information and belief, corporate entities each incorporated in the State of Delaware, and each having a corporate headquarters at 7007 SeaWorld Drive, Orlando, FL 32821.

7. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1332(a)(1), 1332(c)(1) and 1441, this being an action for damages authorized by law, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

8. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of Seventy Five Thousand Dollars ($75,000.00).

9. Venue is properly placed in the United States District Court of the Eastern District of Pennsylvania pursuant, inter alia, to 28 U.S.C. §§ 1391(c) and 1391(a)(3) as it

is where all Plaintiffs reside and where Defendant, and each of them regularly conduct business, Defendants regularly and continuously owning and operating another amusement park at 100 Sesame Road, Langhorne, PA 19047, which is in Pennsylvania, and within the Eastern District of Pennsylvania.

## PARTIES

10. Plaintiffs, **ALEX ROMERO, JR., a minor, by and through his parents and natural guardians, ALEX ROMERO, SR. and MILAGROS DELVALLE, and ALEX ROMERO, SR. and MILAGROS DELVALLE, in their own right** are each citizens of the United States and domiciliaries of the Commonwealth of Pennsylvania.

11. Defendants **SEAWORLD PARK & ENTERTAINMENT, LLC**, and **SEAWORLD PARK & ENTERTAINMENT, LLC, t/d/b/a WATER COUNTRY USA** are corporate entities each incorporated in the State of Delaware, and each having a corporate headquarters at 7007 SeaWorld Drive, Orlando, FL 32821.

## FACTUAL ALLEGATIONS

12. On Friday, July 2, 2010, Plaintiffs, **ALEX ROMERO, JR., a minor**, and **ALEX ROMERO, SR.** collided on a water slide in Defendants' water park, due to the negligence and carelessness of Defendants, causing serious and permanent injuries to Plaintiffs **ALEX ROMERO, JR., a minor**.

13. At all times relevant hereto, Defendants' acts and omissions were committed by and through agents, employees, servants and/or workmen, who were then and there acting within the course and scope of their agency relationship with Defendants.

14. On and before Friday, July 2, 2010, Plaintiffs had traveled from their home

to Defendants' water park in Williamsburg, Virginia, which Defendants called "Water Country USA", as part of a family vacation.

15. During said visit to Water Country USA, Plaintiffs, **ALEX ROMERO, JR., a minor**, and **ALEX ROMERO, SR.** went on the Defendants' attraction called the "Nitro Racer" water slide, after checking to make sure a child of the age and size of **ALEX ROMERO, JR., a minor**, who was then five years old, was allowed to go on said attraction.

16. The Nitro Racer attraction is a water slide with multiple adjoined sliding boards, separated by very low barriers, which terminate in a shallow water pool at the bottom of the adjoined slides, with attendants posted at both the top of the slides and at the bottom or termination of the slides.

17. On the date of the subject incident, Plaintiff, **ALEX ROMERO, JR., a minor,** was sent down one of the Nitro Racer slides by a slide attendant, an agent, employee, servant and/or workman of Defendants, who was then and there acting within the course and scope of his agency relationship with Defendants.

18. After Plaintiff, **ALEX ROMERO, JR., a minor,** was sent down one of the Nitro Racer slides, but before he could make it to the bottom, Plaintiff, **ALEX ROMERO, SR.,** was sent down another one of the Nitro Racer slides by said slide attendant, an agent, employee, servant and/or workman of Defendants, who was then and there acting within the course and scope of his agency relationship with Defendants.

19. Plaintiff, **ALEX ROMERO, JR., a minor,** never made it to the bottom of the slide down which he was sent, but instead came to a stop on said slide before its termination.

20. The slide attendant at the bottom of the said Nitro Racer attraction, an agent, employee, servant and/or workman of Defendants, who was then and there acting within the course and scope of his agency relationship with Defendants, was not properly paying attention.

21. Because he was not properly paying attention to his job, the said slide attendant at the bottom of the said Nitro Racer attraction did not initially notice that Plaintiff, **ALEX ROMERO, JR., a minor,** came to a stop on said slide before its termination.

22. Plaintiff, **ALEX ROMERO, JR., a minor,** naturally and foreseeably became confused and distraught when he came to a stop before the termination of the slide, and then proceeded to climb over the very low barrier between the adjoined slides of the said attraction.

23. Because he was not properly paying attention to his job, the said slide attendant at the bottom of the said Nitro Racer attraction did not initially notice that Plaintiff, **ALEX ROMERO, JR., a minor** was proceeding to climb over the very low barrier between the adjoined slides of the said attraction.

24. Plaintiff, **ALEX ROMERO, JR., a minor** was proceeding to climb over the very low barrier bordering the slide that his father, Plaintiff **ALEX ROMERO, SR.** had been sent down just as Plaintiff **ALEX ROMERO, SR.** was approaching the termination of his slide.

25. Because of the failure of the Defendants' attraction attendants to keep ma lookout, observe the minor Plaintiff, and to do their jobs in a reasonable fashion, the minor Plaintiff **ALEX ROMERO, JR.** was placed in the path of Plaintiff **ALEX ROMERO, SR.** as he swiftly slid toward the termination of the slide. .

26. Despite attempt to slow or stop himself from proceeding swiftly toward the the termination of the slide, Plaintiff **ALEX ROMERO, SR.** was unable to do so, due to the nature of the attraction, and he was caused to come into sudden and violent collision with his son, the minor Plaintiff **ALEX ROMERO, JR.** who was then and there in the path of his descent, causing, inter alia, and as detailed below, a depressed skull fracture to the minor Plaintiff **ALEX ROMERO, JR.**

27. The minor Plaintiff **ALEX ROMERO, JR.** then and there had to be rushed to the Riverside Regional Medical Center, which in turn rushed him to Sentara Trauma Center, which treated him and transferred him to Childrens' Hospital of the King's Daughters, where he was admitted for medical treatment. He has been receiving medical treatment ever since that time.

28. At no time relevant hereto did any Plaintiff do anything negligent or unforeseeable.

## COUNT I
## PLAINTIFFS ALEX ROMERO, JR., a minor, by and through his parents and natural guardians, ALEX ROMERO, SR. and MILAGROS DELVALLE v. DEFENDANTS NEGLIGENCE

29. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 28, inclusive, as fully as though the same were set forth herein at length.

30. The carelessness, negligence and/or gross negligence of the Defendants, **SEAWORLD PARK & ENTERTAINMENT, LLC**, and **SEAWORLD PARK & ENTERTAINMENT, LLC, t/d/b/a WATER COUNTRY USA**, by and through its

management, agents, employees, servants and/or workmen, who were then and there acting within the course and scope of their agency relationship with Defendants, includes, <u>inter alia</u>, the following:

    a.    failing to provide proper and adequate attendance and/or spotting on the subject Nitro Racer attraction, which it knew and had reason to know was being utilized by toddlers such as minor Plaintiff **ALEX ROMERO, JR.**;

    b.    failing to provide adequate protection and/or barriers between the adjoined slides on the subject Nitro Racer attraction around the pool so as to prevent small minors such as minor Plaintiff **ALEX ROMERO, JR.** from gaining access to the slides other than that he was sent down by the Defendants' agent(s);

    c.    leading parents to believe that subject Nitro Racer attraction was safe for toddlers, such as minor Plaintiff **ALEX ROMERO, JR.**;

    d.    failing to provide adequate attendance and/or spotting at and around the subject Nitro Racer attraction;

    e.    failing to properly warn parents of toddlers, such as minor Plaintiff **ALEX ROMERO, JR.** of the dangers of toddlers on attractions which inadequate attending and/or spotting, such as what occurred in the present case;

    f.    failing to take adequate steps to prevent children such as minor Plaintiff **ALEX ROMERO, JR.** from gaining access to adjoining slides

7

     other than the one he was placed into on attractions such as the Nitro Racer;

g. failing to adequately train, educate, supervise and/or discipline Defendants' employees who are charged with attending, supervising and/or spotting on attractions such as the Nitro Racer, and the Nitro Racer specifically;

h. failing to properly promulgate, follow, enforce, or require compliance by its employees, including those who were supposed to be attending the Nitro Racer attraction, reasonable orders, rules, regulation, and/or guidelines regarding the attendance, spotting and/or supervision of toddlers, such as minor Plaintiff **ALEX ROMERO, JR.** on attractions such as the Nitro Racer, and the Nitro Racer specifically;

i. violating applicable laws, statutes, ordinances and/or safety standards with regard to water slide safety and security.

31. As the result of the carelessness, negligence and/or gross negligence of the Defendants as herein before alleged, minor Plaintiff **ALEX ROMERO, JR.** suffered serious and severe injuries, including, but not limited to, the following: closed head injury with altered mental status, concussion, left occipital depressed comminuted skull fracture with bone fragments extending into the posterior fossa and left parieto-occipital region left parieto-occipital subarachnoid hemorrhage and edema, post-conussion syndrome, left mastoid injury ; nervous shock and aggravation and/or exacerbation of all known and unknown preexisting medical conditions. The Plaintiff, **ALEX ROMERO, JR., a minor,**

suffered internal injuries of an unknown nature; he suffered severe aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system, and other injuries the full extent of which are not, or may not be, yet known. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual activities, all to his great financial detriment and loss.

32. As a result of the aforesaid occurrence, the Plaintiff, **ALEX ROMERO, JR., a minor**, has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

33. As a result of the aforesaid occurrence, the Plaintiff, **ALEX ROMERO, JR., a minor**, has been prevented from attending to his usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to his great detriment and loss.

34. As a result of the aforesaid occurrence, the Plaintiff, **ALEX ROMERO, JR., a minor**, has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, **ALEX ROMERO, JR., a minor, by and through his parents and natural guardians, ALEX ROMERO, SR. and MILAGROS DELVALLE**, demands damages of the Defendants herein, **SEAWORLD PARK & ENTERTAINMENT, LLC, and SEAWORLD PARK & ENTERTAINMENT, LLC, t/d/b/a WATER COUNTRY USA**, in a sum in excess of Seventy Five Thousand ($75,000.00) Dollars plus costs.

9

## COUNT II
## PLAINTIFF ALEX ROMERO, SR. v. DEFENDANTS

35. Plaintiffs incorporate paragraphs one through thirty-four herein by reference as though same were fully set forth herein at length.

36. The Plaintiff, **ALEX ROMERO, SR.**, the parent and natural guardian of **ALEX ROMERO, JR., a minor**, witnessed the incident describe above.

37. As a direct and proximate result of Defendants' negligence, together with his personal and contemporaneous observations of part of the incident, Plaintiff, **ALEX ROMERO, SR.**, has suffered and continues to suffer physical injuries, including but not limited to concussion, closed head trauma, headache, blurred vision, and nausea, together with substantial mental pain and suffering and emotional distress and injury.

**WHEREFORE**, Plaintiff **ALEX ROMERO, SR.** demands judgment against Defendants for damages in excess of Seventy Five Thousand ($75,000.00) Dollars plus costs.

## COUNT III
## PLAINTIFF MILAGROS DELVALLE v. DEFENDANTS

38. Plaintiffs incorporate paragraphs one through thirty-seven herein by reference as though same were fully set forth herein at length.

39. The Plaintiff, **MILAGROS DELVALLE**, the parent and natural guardian of **ALEX ROMERO, JR., a minor**, witnessed the incident describe above.

40. As a direct and proximate result of Defendants' negligence, together with her personal and contemporaneous observations of part of the incident, Plaintiff,**MILAGROS DELVALLE**, has suffered physical injuries, including but not limited to, headache, sleep

disturbance and nausea, together with substantial mental pain and suffering and emotional distress and injury.

**WHEREFORE**, Plaintiff **MILAGROS DELVALLE** demands judgment against Defendants for damages in excess of Seventy Five Thousand ($75,000.00) Dollars plus costs.

### COUNT IV
### ALEX ROMERO, SR. and MILAGROS DELVALLE, in their own right, h/w v. DEFENDANTS

41. Plaintiffs incorporate paragraphs one through forty herein by reference as though same were fully set forth herein at length.

42. As a proximate result of Defendants' negligence, the Plaintiffs, **ALEX ROMERO, SR. and MILAGROS DELVALLE, in their own right, h/w**, have been obligated to spend and will in the future be obligated to spend a significant sums for the care, treatment and maintenance of their son, **ALEX ROMERO, JR. , a minor**.

43. The Plaintiffs, **ALEX ROMERO, SR. and MILAGROS DELVALLE, in their own right, h/w**, are entitled to recover their past, current and future costs for the care, treatment and maintenance of their son, **ALEX ROMERO, JR. , a minor**.

**WHEREFORE**, Plaintiffs, **ALEX ROMERO, SR. and MILAGROS DELVALLE, in their own right, h/w**, demand judgment against Defendants for damages in excess of Seventy Five Thousand ($75,000.00) Dollars plus costs.

**Respectfully Submitted,**

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**

BY:   JRL5292

11

JEFFREY R. LESSIN, ESQUIRE
MARK T. RICHTER, ESQUIRE
GEOFFREY GOMPERS, ESQUIRE
I.D. Nos. 43801, 45195, 42018
Attorneys for Plaintiffs
1500 J.F.K. Boulevard, Suite 600
Philadelphia, PA 19102
215-599-1400